155 N.J. Super. 462 (1977)
382 A.2d 1146
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MAURICE BURDEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 5, 1977.
Decided December 29, 1977.
*463 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. Stanley C. Van Ness, Public Defender, Attorney for appellant (Mr. Harlan L. Schlossberg, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Ms. Amy L. Schwartz, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant, a college student, was convicted of robbing a small loan office. He appeals, raising questions (a) as to pretrial identifications of him by two witnesses of the robbery and the effect thereof upon identifications of him in court by those witnesses and (b) concerning an alleged confession he made to the police.
The testimony adduced by the State establishes these facts. A man later identified as defendant entered the loan office, showed a cashier, a Miss Lugerner, a brown paper bag, and ordered her to put money into it. She did so. The man asked about the contents of another cash drawer, and Lugerner said the woman responsible for it was out to lunch. A coworker, Murdock, approached at that point, and Lugerner asked him to find the other woman. The robber left, whereupon Lugerner alerted other personnel to the robbery.
Lugerner was in close proximity to the robber for about five minutes, Murdock for less than a minute. Murdock did not know a robbery was in progress until the culprit left.
*464 Testimony taken at a Wade voir dire revealed the following.
Lugerner and Murdock were brought to police headquarters an hour after the robbery and together looked at a large number of slides and photos of black males (defendant is black). Lugerner selected one photo which she said resembled the robber. She was not positive unless she could view the man. Three days later she was requested to go to headquarters to view a line-up. She walked into the detective bureau and, as she looked to the rear of the room, saw defendant sitting with a girl. She at once recognized him and began to shake. She left the office after indicating to a detective she had recognized defendant.
Murdock was requested by the police to attend an arraignment of defendant at the Paterson Municipal Court. After viewing a few other individuals being arraigned, he indicated to the police that defendant looked like the robber.
At the conclusion of Murdock's testimony defendant objected to his identification on the ground defendant was entitled to be represented by counsel at such an identification, adversary proceedings by the State having begun against him. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). The objection was overruled. The court also found there was no undue suggestiveness in the manner in which defendant was identified by Murdock at the municipal court arraignment. Defendant did not at trial object to the identifications of defendant by Lugerner.
With reference to defendant's confession, the proofs offered by the State were these. Defendant came to police headquarters as the result of a call from the police. Detective Henion advised him he was a suspect in this robbery and read his Miranda rights to him from a card. Defendant indicated he understood. Defendant was then told to wait and was not interrogated. Shortly thereafter Henion was informed that Lugerner had identified defendant in the room. Thereafter Henion advised defendant of that fact, whereupon defendant replied, "I know she did identify, because I seen how *465 she started shaking; I just as well tell you the truth. I did rob her." Defendant then agreed to give a full signed statement, and did so after being again given his Miranda warnings and signing a waiver thereof.
Defendant testified he was "not guilty" of the crime, but could not deny he had been at the loan office on the day in question. He said he regularly visited that office to make payments on a loan. He admitted going to headquarters and signing a statement, but said he had not read it and didn't know what was in it. He signed it merely because the detective asked him to. He did not remember being given the Miranda warnings. He was not told he had been identified as the robber or that he was a suspect.
On the identification questions, we disapprove the practice of having two witnesses of a crime jointly inspect photos for identification purposes. There is a distinct possibility of one witness being influenced by an identification made by the other. That may well have occurred here. However, this was not made a point of objection by defendant at the trial, and we do not find plain error.
Defendant was on sound ground in objecting to testimony of Murdock's identification of him at the arraignment. That proceeding occurred after the commencement of adversary proceedings by the State, defendant having previously been charged with this offense, and defendant was entitled to representation by counsel if he was then to be subjected to an attempt at identification. Kirby v. Illinois, supra; Moore v. Illinois, ___ U.S. ___, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977). The entire atmosphere of an arraignment is suggestive of possible guilt of the suspect and in this case could well have influenced Murdock in making his identification of defendant on that occasion. Ordinarily such illegality in the circumstances of an out-of-court identification would require a remand to determine whether the in-court identification by the witness was based on observations of the suspect independent of those at the illegal identification at the arraignment. United States v. Wade, 388 U.S. 218, *466 240, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). However, in the totality of the evidence in this record, we are convinced that the invalidity of the Murdock out-of-court identification, even if it tainted his in-court identification of defendant, was harmless error beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Moore v. Illinois, supra, ___ U.S. at ___, 98 S.Ct. 458. Our reasons follow.
The identification of defendant in court by the witness Lugerner was an extremely strong piece of evidence in the light of her excellent opportunity to closely observe the suspect during the crime. The dramatic effect upon her of encountering the defendant at police headquarters (she began "shaking" when she saw him) is also cogent evidence. Finally, there was proof of a full, written confession by defendant, not at all weakened by defendant's hardly credible account of how he gave the incriminating statement to the police.
We find no merit in defendant's appellate attack on the confession. He contends that the interval between the first administration to him of the Miranda warnings, and the second, operates to invalidate the confession because of the intervening information supplied him by the detective that he had just been identified by an eye-witness. We do not agree. It was legitimate investigative technique for the police to tell the defendant, truthfully, that he had been identified. It was not necessary beforehand for the police to remind him of what he had already been told  the full recital of the Miranda warnings. See Combs v. Commonwealth, 438 S.W.2d 82 (Ky. Ct. App. 1969).
Judgment affirmed.